KENNELLY *v.* STEARNS SALT & LUMBER CO.

MASTER AND SERVANT—COMPENSATION—PERSONAL INJURIES—AP-
PEAL AND ERROR.

Claimant was in the employ of a lumber company, engaged
as a common laborer in the construction of a logging
road when the State fire warden ordered him to assist
in putting out a forest fire in the neighborhood, and in
aiding at this work claimant received injuries from a
falling tree that destroyed his left eye. He received pay
for his work from the master, who was reimbursed by
the State and county. Act No. 249, Pub. Acts 1903 (1
Comp. Laws 1915, § 770). The insurance company having
respondent's accident insurance brought certiorari to re-
view an award of compensation. *Held*, that the question
was whether or not there was any testimony to sustain
the finding of the board that the injury arose out of and
in the course of his employment, and that the evidence
did not sustain the determination of the board.

Certiorari to the Industrial Accident Board. Sub-
mitted April 22, 1915. (Docket No. 115.) Decided
March 31, 1916.

John Kennelly presented his claim for compensation
against the Stearns Salt & Lumber Company, a cor-
poration, and the New England Casualty Company,
for loss of one of claimant's eyes. From an order
awarding compensation respondent casualty company
brings certiorari. Reversed.

*Frank J. Riggs,* for appellants.

*John C. Myers,* for appellee.

BIRD, J. While claimant was in the employ of the

defendant, the Stearns Salt & Lumber Company, with a gang of men constructing a railroad, he with several of his colaborers was ordered by the fire warden to go with him and assist in extinguishing a forest fire. The claimant complied with the order, and, while engaged in that work, he was struck by a falling tree, and the sight of his left eye was destroyed. He presented his claim to the Industrial Accident Board as a servant of the Stearns Salt & Lumber Company. The board of arbitration allowed his claim at $5.02 per week for 100 weeks. Subsequently, on appeal, this award was approved by the Industrial Accident Board. Defendant insurance company has removed the proceedings to this court by certiorari, claiming that the award should not have been made, because claimant at the time of his injury was engaged in work for the State, and not for the defendant Stearns Salt & Lumber Company.

Counsel for claimant insist that that question was one of fact, and the fact having been found by the decision of the board, it is not reviewable in this court.

1. The real question presented is whether there is any testimony in the record to support the finding of the board. The testimony is brief, and is set out in the record, and there is no disagreement concerning it. It shows that while the claimant was engaged in work for the Stearns Salt & Lumber Company, the fire warden came along and ordered him to go with him to assist in extinguishing a forest fire. The record shows that he was not only ordered to go by the fire warden, but that his work was directed by the fire warden after he arrived there. It is further shown that he was paid his regular wages by the Stearns Salt & Lumber Company, and that it was reimbursed by payment from the State and county, as the law provides in such cases. Section 6 of Act No. 249, Pub. Acts 1903, as amended by Act No. 317, Pub. Acts 1907

(1 Comp. Laws 1915, § 770), confers upon the fire warden the following authority:

"It shall be the duty of each fire warden to take precautions to prevent the setting of forest fires, and when his district is suffering or threatened with fire, to go to the place of danger to control such fires, and each forest fire warden shall have the authority to call to his assistance in emergencies any able-bodied male person over eighteen years of age, and if such person refuses, without reasonable justification or excuse, to assist, * * * [he] shall be deemed guilty of a misdemeanor and shall upon conviction thereof, be punished by a fine of not more than one hundred dollars or imprisonment in the county jail not to exceed three months."

This provision of the statute clearly authorizes the fire warden to exercise the power which he did on this occasion. We do not think it can be said that while claimant was engaged in this service he was engaged in his regular employment. He was ordered by a State officer to leave his work and go to the assistance of the State. After he arrived there he was directed by a State officer, and for his time spent in such work he was paid by the county and State. It would hardly be contended that if he were impaneled to sit on a jury and had met some accident while engaged in that service his employer would be liable therefor. Nor could that contention be made had claimant been injured while assisting the sheriff at his command in quelling a riot. We think this situation is no different. When he was ordered to go with the fire warden, he left his work temporarily to discharge a duty which was incumbent upon him as well as upon every other citizen similarly situated. We do not think it can be said that his injury arose out of his employment or during the course of it. The testimony does not support such a finding.

Some point is made by claimant that he was paid

his regular salary by his employer for the time spent in fighting fire. We do not regard this as of importance as the record explains that it was done as a matter of convenience and that his employer was afterwards reimbursed from the public funds for his services. Some point is also made because his foreman or superintendent directed some of his acts while at the fire. This quite likely was the result of habit, rather than of authority upon the part of the foreman or superintendent. The claimant's own testimony shows that his work was directed by the fire warden.

The conclusion of the Industrial Accident Board must be reversed, and the award set aside.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.