Before State Industrial Board, Respondent.

Charles H. LaGraves, Respondent, v. Standard Oil Company of New York, Appellant.

Third Department, January 7, 1925.

**Workmen's compensation — notice of injury — claimant had been working two days when accident happened to his eye — written notice not given — burden is on claimant to show that person having knowledge of accident was agent of employer having immediate supervision as required by Workmen's Compensation Law, § 18 — proof not sufficient — person having knowledge was fellow-worker who directed claimant.**

Where a claimant for compensation fails to give a written notice of injury as required by section 18 of the Workmen's Compensation Law and relies upon a provision of that section which authorizes the State Industrial Board to excuse notice where the employer, or its agent having immediate supervision of the employee, had knowledge of the accident, he must establish that the person having knowledge of the accident was the actual agent of the employer and the immediate superior of the claimant; this agent must be one who from his position would presumably communicate his knowledge to his employer.

Accordingly, the claimant who suffered an injury to his eye two days after he commenced to work did not sustain the burden by showing that he told a fellow-employee about the injury to his eye, since it appears that the fellow-employee was not a foreman and did not have supervision of the claimant, although he did direct the claimant, who was a new employee, in the work that he was doing.

Cochrane, P. J., dissents.

Appeal by the defendant, Standard Oil Company of New York, from an award of the State Industrial Board, made on the 1st day of April, 1924.

*Whalen, Murphy, McNamee & Creble [Sherman A. Murphy of counsel], for the appellant.*

*Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-General, of counsel], for the respondents.*

Van Kirk, J.:

The employer is a dealer in petroleum products. The accident occurred on April 6, 1923; claimant had then been working there but two days. At the time he was painting a ceiling in a room in which barrels were being steamed. A jet of steam containing a caustic acid struck his eyes. The one objection taken to the

award is that the Board improperly excused claimant's failure to give written notice of the injury. It is conceded that such notice was not given, but the Industrial Board excused the failure to give it " inasmuch as claimant notified Julius G. Bauldos, his immediate foreman, within thirty days after the happening of the same, the employer had actual knowledge and, therefore, was not prejudiced by claimant's failure to give written notice." Section 18 of the Workmen's Compensation Law provides: " The failure to give notice of injury or notice of death unless excused by the Board either on the ground that notice for some sufficient reason could not have been given, or on the ground that the employer, or his or its agents   *   *   *   having immediate supervision of the employee to whom the accident happened, had knowledge of the accident, or on the ground that the employer has not been prejudiced thereby, shall be a bar to any claim under this chapter."

We think there was no competent proof that the employer, or its agent having immediate supervision of claimant, had knowledge of the accident. In the employee's claim for compensation he states that his foreman was Mr. Banahan and the other evidence establishes this fact. Claimant repeatedly said that he never gave to the employer any notice of the accident.

The finding above quoted is based on claimant's testimony who, when questioned by his attorney as to what occurred at the time of the accident, answered as follows: " Mr. Bauldos came over and saw me standing around, and he came over and I told him I wasn't going to work while he was cleaning the barrels, that I had just got some of the stuff in my eyes. That was all I told him.   *   *   *   Q. That you weren't going to work any more while they were cleaning the barrels? A. Yes, sir. Q. Because you had got some of the stuff in your eyes? A. Yes, sir." (It was conceded, however, that he did work until April fourteenth.) The question, therefore, is whether or not Bauldos was the " agent " of the employer " having immediate supervision of the " claimant. It was the purpose of this statute that the employer should receive notice of the accident within thirty days, but, where such notice was not given, it is provided in effect that knowledge on the part of the employer's agent " having immediate supervision " of the injured employee should be the equivalent of notice direct. In order to comply with this purpose the claimant must show that the person he claims acquired " knowledge of the accident " is the actual agent; one who from his position would presumably communicate his knowledge to his employer; it is not sufficient to show that some employee assumed to give direction or otherwise to aid a new man; otherwise knowledge on the part of any

coemployee would be knowledge on the part of the employer. It is not suggested that Bauldos ever communicated his knowledge of the injury to the employer. The claimant did not on his part offer any testimony tending to show that Bauldos was the agent of the employer. The employer introduced the subject on cross-examination of claimant. It asked claimant what position he understood Mr. Bauldos held and he answered: " I don't know; he was giving us orders; * * * telling us the work to do. Q. You didn't know anybody else to report any accident to? A. Banahan, the general foreman. Q. And Bauldos was your immediate boss as far as you know? A. As far as I know. * * * Q. Did he shift you around to any other work? — did he tell you where to paint and what to paint? A. Yes, where to paint and what to paint." There is no evidence in the case tending to show that the employer ever knew that Bauldos gave to the claimant any orders or advice about work. It does not appear that Bauldos gave directions about work to any other employee. Claimant did not call Bauldos, but the carrier did, and he testified that he was a laborer; that his foreman was Tom Banahan; that he, Bauldos, put the claimant to work on the pipe line; that claimant was working under Banahan, the same as the witness was; he was working in the gang. He was asked by the employer: " What was the reason that you were telling him where and how to paint — was it because you had worked for the company a number of years and knew how the work should be done? A. Yes, sir. Q. And you have never been carried as a foreman, or in charge of any gang of men? A. No, sir." The attorney for claimant examined him: " Q. After Mr. LaGraves complained of his eye condition you say you took him out of the room where the steaming of barrels was going on and put him out on the pipe line? A. Yes, sir. Q. And he looked to you for directions as to what to do and what not to do, as to painting? A. Yes, sir. Q. And looked to you to tell him what to do and what not to do? A. Yes, sir." The employer then asked him: " In making your answer to the question asked by LaGraves' counsel, that you were directing LaGraves what to do, you didn't want it understood that you were his foreman? A. Oh, no. Q. Simply a fellow-worker? A. That is all." It should be recalled that claimant was a new man on the job, had worked but two days when the accident occurred and Bauldos was an employee of long experience in the work. Bauldos was working for this employer; he was an interested witness and called by the employer. The Industrial Board, if it found cause to do so, could refuse to accept his testimony, but it could not attribute to him testimony which he had not given, nor, because it refused

to believe him, could it on that account believe the contrary of his testimony. Assuming that the Industrial Board did conclude to disregard his testimony, we have then in proof of the agency of Bauldos simply the testimony that he gave directions to this claimant where to work and how to work, without showing that the employer had knowledge that he was giving directions to the claimant. We think this is not proof that Bauldos was the agent of the employer within the meaning of the statute. That claimant was a new man is a reasonable explanation why Bauldos gave him directions as to his work. The record is naked of evidence showing that Bauldos had authority from the employer to direct him. We think the finding above quoted is without evidence to support it.

The award should be reversed and the claim remitted, with costs against the Industrial Board to abide the event.

All concur, except COCHRANE, P. J., dissenting.

Award reversed and matter remitted, with costs against the State Industrial Board to abide the event.