In the Matter of the Claim of CHARLOTTE BURR BABINGTON and Others, Respondents, against YELLOW TAXI CORPORATION, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 2, 1927.

Workmen's compensation — failure to give written notice of death under Workmen's Compensation Law, § 18, demands reversal of award, in absence of excuse — award to widow was commuted under Workmen's Compensation Law, § 17, on basis that she is alien — deceased was American citizen when claimant, then English subject, married him in this country — deceased deserted claimant who returned to England — claimant remarried in England more than six years after she last heard of deceased and before his death — second marriage was void ab initio — claimant is surviving wife of deceased and not alien — if she has married since death of deceased her award must be commuted under Workmen's Compensation Law, § 16, subd. 2.

The award in this case must be reversed since no written notice of death was given under the Workmen's Compensation Law, section 18, to the employer within the thirty days' period, nor has the failure to give such notice been excused by the State Industrial Board.

Furthermore, it was error for the State Industrial Board to commute the award made to the claimant, the surviving wife, under section 17 of the Workmen's Compensation Law on the basis that she is an alien. Claimant, at the time of her marriage to deceased, was a citizen of England, while the deceased was a citizen of this country. Deceased deserted claimant and in 1919 she left this country and returned to England. In 1920 claimant remarried in England, not having heard from the deceased for more than six years and believing him to be dead. The claimant became an American citizen when she married decedent and since there is no proof of any statute of England in relation to the validity of the English marriage, it must be construed under the common law which holds it to be void ab initio, and, therefore, the claimant was a citizen of this country and is the surviving wife of the decedent. It was error for the State Industrial Board to commute the award on the basis that she is an alien.

The mere fact that the claimant states in an affidavit that she is " at the present time residing with " the man she married in England, is not proof that she entered into a valid marriage after the death of the decedent.

If claimant entered into a valid marriage after the death of the decedent, her compensation must be commuted under subdivision 2 of section 16 of the Workmen's Compensation Law.

APPEAL by Yellow Taxi Corporation from awards of the State Industrial Board made on the 14th day of June, 1926, and the 28th day of July, 1926.

*William A. Kelleher* [*Robert P. Schur* of counsel], for the appellant.

*Albert Ottinger*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

Hinman, J. This is a death case in which awards have been made to a surviving wife, a dependent mother and three children under eighteen years of age. The date of death was January 29, 1925, as the result of an accident on June 4, 1924. There was no written notice of death given to the employer within the thirty days' period nor has the failure to give such notice been excused by the Board for lack of prejudice or on other statutory ground. (Workmen's Compensation Law, § 18.)* The awards should be reversed on that ground.

Other grounds of appeal have been presented and considered but none of them requires a reversal except one. It appears in the findings that the Board commuted the award to the surviving wife under section 17 of the Workmen's Compensation Law, relating to the payment of compensation to aliens, and granted a lump sum award to her. She was married to the deceased, William Babington, in 1906 in Brooklyn, N. Y. He was an American citizen. She was born in England. It is her claim that a few years after the marriage he deserted her and she did not live with him or see him thereafter; that in 1919 she left New York for England where she has continued to reside. She states in her affidavit, sworn to before the Vice-Consul of the United States at Sheffield, Eng., as follows: " That being convinced that my said husband was not alive and not having heard that he was alive since prior to the year 1914 I entered into a form of marriage with Frederick Evans James on the 17th day of August, 1920, at the Register Office in the District of Sheffield in the counties of Sheffield and York, England, and that I am at the present time residing with the said Frederick Evans James at 143 Staniforth Road, Sheffield, aforesaid." The marriage contract between her and deceased had not been dissolved prior to his death and the Board has found that she was his surviving wife, entitled to death benefits under subdivision 2 of section 16 of the Workmen's Compensation Law. We do not see how she can be considered an alien entitled to have her award commuted to a lump sum under said section 17. If she has not remarried since the death of her husband Babington, she is presumably an American citizen. Even if she became an alien by marrying James in England (supposing him to be an Englishman) after Babington's death, it was the duty of the Board to commute her award under subdivision 2 of said section 16.

* Since amd. by Laws of 1926, chap. 262.— [Rep.

Her marriage to James in England in 1920 was apparently entered into in good faith on the supposition that her first husband was dead. Whether that second marriage, however, was void *ab initio* or valid for any purpose and merely voidable, is to be determined by the law of the place where it was entered into. (*Van Voorhis* v. *Brintnall*, 86 N. Y. 18; *Matter of Kutter*, 79 Misc. 74.) There is no proof in the record of any statute of England altering the common law. The presumption is that the common law prevails in the absence of proof as a fact that there is a statute there altering the common law. (*Matter of Kutter*, 79 Misc. 74, 76, and cases cited.) " At common law the remarriage of one having a husband or wife actually living, although unheard of for years and believed to be dead, was void *ab initio* (*Fenton* v. *Reed*, 4 Johns. 52, 53; *Williamson* v. *Parisien*, 1 Johns. Ch. 389, 393; *Price* v. *Price*, 124 N. Y. 589, 596), as the old statutes relieving him or her from the penalties for bigamy did not validate the subsequent marriage contract, even if contracted under an honest mistake of fact." (*Matter of Kutter, supra,* 76.) Upon the record before us we would conclude that the marriage of claimant to James in 1920 was absolutely void. That she was the " surviving wife " of Babington, the deceased employee, and entitled to some compensation, is supported by evidence. There is no proof that she entered into a new ceremonial marriage with James after the death of Babington, the sole proof as to her relationship with James after the death of Babington being the statement made by her that she is " at the present time residing with " the said James at Sheffield, Eng. Perhaps the relationship since the death of Babington is sufficient to constitute a common-law marriage, which presumably may be legal in that country, but her statement aforesaid is insufficient proof of such a marriage. If she has become the wife of James by ceremonial or common-law marriage since the death of her former husband, Babington, her compensation must be commuted under subdivision 2 of section 16 of the Workmen's Compensation Law. The award as to her should be reversed upon this further ground.

The awards should be reversed and claims remitted, with costs against the State Industrial Board to abide the event.

VAN KIRK, Acting P. J., McCANN, DAVIS and WHITMYER, JJ., concur.

Awards reversed and claims remitted, with costs against the State Industrial Board to abide the event.