In the Matter of the Claims of CHARLOTTE BURR BABINGTON, Widow, and Others, Respondents, against YELLOW TAXI CORPORATION, Appellant.

. STATE INDUSTRIAL BOARD, Respondent.

Award affirmed, with costs to the State Industrial Board. Van Kirk, P. J., Hinman, Davis and Hill, JJ., concur; Hasbrouck, J., dissents, with an opinion.

HASBROUCK, J. (dissenting). This claim was before this court in 1927 when it reversed an award commuted on the basis that the claimant was an alien. The ground of the reversal was that she was a citizen of the United States and, therefore, could not have a commuted award. Other questions were raised on the argument of the appeal. Of them Mr. Justice Hinman wrote: " Other grounds of appeal have been presented and considered but none of them requires a reversal except one." (*Matter of Babington* v. *Yellow Taxi Corporation*, 219 App. Div. 495.) Following this decision in 1927 hearings were held and findings made February 16, 1928. The employer has appealed. The appeal is from an award of death benefits. (*Snow* v. *U. S. R. R. Administration*, 209 App. Div. 308.) The employee was injured on June 4, 1924, and lived until January 29, 1925. During that period the employer paid compensation without question. On this appeal the appellant asks for a reconsideration of an argument used on the original appeal. The ruling of law on the trial resulting in the first award was that " this claim comes within the provisions of the Workmen's Compensation Law." I take it, therefore, that all questions survive the first appeal which it was permissible to raise upon the retrial of the case. The employer cannot be denied his right of appeal. For such reasons the appeal may be considered upon propositions not concluded by the reversal. There must be a judgment to found *res adjudicata* upon. The first award was set aside and vacated by its reversal. The award of 1927 is the one now under appeal. Now the appellant urges that Babington, the deceased, while driving the taxicab of his employer was commandeered by a police officer to chase thieves and in the chase collided with a street car, was injured and later died because thereof. The question now is did the injury arise in the course of his employment by his employer? There can be no doubt but that there is a vast difference between the voluntary relation which exists between master and servant and the compulsion which the State imposes on the individual in the exercise of its police power. (Penal Law, § 1848.) Here Babington was forced out of his master's service and into the service of the State by an exercise of the police power. The question, though interesting, is not new. The principle involved here was under review in *Kennelly* v. *Stearns Salt & Lumber Co.* (190 Mich. 628; 157 N. W. 378). In the *Stearns* case the claimant working in the construction of a railroad was ordered by the fire warden, who was so empowered to give such

order by statute, to come and assist in extinguishing a forest fire. The claimant while so engaged was struck by a falling tree and his eye destroyed. Among other things the Supreme Court of Michigan said: " He was ordered by a State officer to leave his work and go to the assistance of the State. * * * It would hardly be contended that if he were impaneled to sit on a jury and had met some accident while engaged in that service his employer would be liable therefor. Nor could that contention be made had claimant been injured while assisting the sheriff at his command in quelling a riot. * * * When he was ordered to go with the fire warden, he left his work temporarily to discharge a duty which was incumbent upon him as well as upon every other citizen similarly situated." The Michigan court dismissed the award against the employer. The award in the case at bar should be reversed and dismissed.