■ In the Matter of the Claim of PETER ULETAS, Respondent, v. WILLIAM ELLIOTT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by an employer and his carrier from a decision and awards of the Workmen's Compensation Board. The findings of notice, accident and causal relationship are challenged. Claimant was employed in a restaurant as a dishwasher and general kitchen helper whose duties required him to brush, wash and dry pots, pans and dishes and to fetch ice, vegetables, cases of beer and other supplies from a basement to the kitchen of the employer's premises via a 10-step connecting stairway. On June 9, 1958 he began a nine-hour stint at 10:00 A.M. in a kitchen described by the first cook as "awful hot." Having put the kitchen in order, he made at least five or six trips to the basement for supplies during the ascent of the last of which, while carrying "a big pot" filled with ice estimated by the employer to weigh 20 or 25 pounds and considered by him to be "big and heavy", he felt pain in his chest. After reaching the kitchen he sat for a short period of time during which he experienced "a heavy sweating" and "a dizzy spell." He informed the employer who was nearby that he did not feel well, was granted permission to leave his work and advised to consult a doctor. Upon arrival at his home, where he was confined to his bed for the following six weeks, he was immediately attended by a physician who diagnosed his condition as "Auricular Flutter-fibrillation with Coronary Insufficiency and Posterior Wall Infraction [sic]." A majority of the board found "that the claimant engaged in strenuous activity on June 9, 1958 and that such activity was the competent producing cause of the myocardial wall infarction, constituting an industrial accident within the meaning of the Workmen's Compensation Law, and the resulting disability is causally related thereto." We are satisfied that substantial evidence supports the board's finding of accidental injury (Matter of Masse v. Robinson Co., 301 N. Y. 34; Matter of Witten v. Sargoy & Stein, 15 A D 2d 617; Matter of Hutton v. Ford Motor Co., 9 A D 2d 589, motion for leave to appeal denied 7 N Y 2d 705; Matter of Bush v. Empire Utility Constr., 7 A D 2d 681) and that the medical opinion evidence of claimant's attending physician was not so lacking in positiveness that the board was bound to regard it as unsubstantial. (Matter of Zaepfel v. du Pont de Nemours & Co., 284 App. Div. 693, affd. 309 N. Y. 962.) The written notice of injury required by section 18 of the Workmen's Compensation Law was not timely given. Nor has the failure to give such notice been excused by the board on one or more permissive statutory grounds. Remittal is thus required to permit it to pass upon the question whether or not claimant has demonstrated circumstances sufficient to excuse his failure to comply with the notice provisions of the statute. (Matter of Bloomfield v. November, 219 N. Y. 374; Matter of Babington v. Yellow Taxi Corp., 219 App. Div. 495; Matter of Carbino v. De Grasse Paper Co., 209 App. Div. 627, 629.) Decision and awards reversed and the matter remitted to the Workmen's Compensation Board, with costs to appellants against the Workmen's Compensation Board. Bergan, P. J., Coon, Reynolds and Taylor, JJ., concur; Herlihy, J. (dissenting, in part): The record in this case does not justify the finding by the board of a compensable accident. The evidence shows that the claimant was performing his everyday work and in an attempt to buttress his work efforts, he stated "it was awful hot in the kitchen", but that is not an unusual situation in a restaurant kitchen. Concededly, the fact that claimant was performing his everyday work does not preclude a finding of accident if the work is found to be strenuous, but there is no substantial evidence for such a finding in this case. The claimant was engaged in work associated with the ordinary wear and tear of life which was not sufficient to constitute an industrial accident as viewed by the average man. The doctor for the claimant testified that claimant's disability was due to a disease

process. He further stated: " the long hours which he [claimant] had worked in warm weather" could be the cause of his heart condition but this was a mistaken hypothesis as the record reveals that the claimant had worked only about one hour on the day he became ill. A reading of the doctor's testimony indicates he considered the cause of his illness to be related to a coronary disease and not to strenuous work effort. The majority of the court have determined the board's finding of notice was not warranted, with which I agree and which further demonstrates that the record as a whole does not justify the award.