■ In the Matter of ABDUS CHOUDHURY, Appellant, v. BROOKLYN HEBREW HOME & HOSPITAL et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed September 5, 1972. Claimant, a chef, suffered pain in his chest while lifting heavy pans of boiled chicken on May 31, 1969. He did not report the incident on the day of its occurrence and, on the next day, his wife called the employer to report that claimant was ill and could not work. Subsequently, claimant was hospitalized and treated for myocardial infarction. It is not disputed that statutory notice to the employer was not given until almost eight months after the incident (see Workmen's Compensation Law, § 18). The board has disallowed the claim due to claimant's failure to notify the employer of the accident within 30 days. Claimant contends that the board erred in not excusing the failure to provide statutory notice since there is no showing of prejudice to the employer. We disagree. Section 18 of the Workmen's Compensation Law provides that the failure to give notice of the injury within 30 days of an accident shall be a bar to any claim unless excused by the board on the ground that (1) notice for some sufficient reason could not have been given; or (2) the employer, or its agent in charge of the business in the place where the accident occurred or having immediate supervision of the employee to whom the accident happened, had knowledge of the accident; or (3) the employer has not been prejudiced. In the instant case, the board has not excused the failure to give notice and the claim must be deemed barred (*Matter of Babington* v. *Yellow Taxi Corp.*, 219 App. Div. 495, 496, affd. 250 N. Y. 14) as it cannot be said that its action was arbitrary and capricious or an abuse of discretion; nor can it be said that there was no substantial evidence to support the board's decision. Claimant has advanced no sufficient reason to excuse the failure to give the statutorily required notice nor has it been shown that the employer or an agent as specified in the statute had knowledge of the accident. Although a coworker, a cook's helper, was present when claimant suffered his chest pain and dizziness, oral notice to such a coemployee would not be sufficient to meet the statutory requirements (*La Graves* v. *Standard Oil Co. of N. Y.*, 211 App. Div. 221; see 3 Larson, Workmen's Compensation Law, § 78.31[b]). Finally, claimant has misapprehended the burden of proof in establishing that the delay has not prejudiced the employer. It is not up to the employer to establish that he has been prejudiced by the delay in providing notice; rather, it is claimant's burden to establish that the delay has not been prejudicial (*Matter of Klausner* v. *S. & T. Delicatessen*, 41 A D 2d 798, 799; *Matter of Smith* v. *Warren Nash Motor Corp.*, 233 App. Div. 296) and claimant has failed to do so (cf. *Matter of Tillotson* v. *New York Tel. Co.*, 33 A D 2d 612). Decision affirmed, without costs. Staley, Jr., J. P., Cooke, Sweeney, Main and Reynolds, JJ., concur.