■ In the Matter of the Claim of THOMAS B. GROW, Appellant, v SUN CHEVROLET et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 16, 1983, which denied claimant's application for benefits. Claimant, an automobile body repairman, sustained a back injury at work on January 6, 1981 while carrying a heavy car hood. He alleges that he advised the foreman on the day of the occurrence that he "goofed up" something in his back. The foreman, however, denied that claimant mentioned any specific injury but noted that he often made general complaints concerning his back. Claimant visited a chiropractor in March, 1981. He ceased work on April 3, 1981 and consulted an orthopedist. It appears claimant advised the employer's service director of his injury in April, 1981 and reported his injury to the bookkeeper on April 21, 1981. The bookkeeper provided claimant with a "C-2 Employers Report of Injury" form, which he failed to complete. Thereafter, he was terminated in July, 1981 and filed the instant claim for benefits on September 2, 1981. The board concluded that claimant's application was untimely filed to the prejudice of the employer in violation of section 18 of the Workers' Compensation Law. Substantial evidence supports the finding of the board (*Matter of Serafin v Pleasant Val. Wine Co.*, 98 AD2d 887; *Matter of Zraunig v New York Tel. Co.*, 32 AD2d 686; see *Matter of Nebenhaus v Lydmark Corp.*, 79 AD2d 804). It is undisputed that claimant did not file written notice within 30 days of the alleged injury. Whether claimant provided timely oral notice to the foreman presented a factual question of credibility for the board, as did claimant's excuse that he did not appreciate the significance of the injury until after the notice period expired. The record does not support this excuse since claimant admitted that although his back bothered him continually after the incident, he did not seek immediate medical attention "because I could hardly get around" (see *Matter of Clark v C. F. Evans, Inc.*, 65 AD2d 635). Finally, claimant has failed to meet his burden of establishing that the delay was not prejudicial (*Matter of Choudhury v Brooklyn Hebrew Home & Hosp.*, 46 AD2d 954). Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.