■ In the Matter of the Claim of FRANK R. KOPERDA, Respondent, v. H. WATERBURY & SONS Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GABRIELLI, J. Appeal by employer and carrier from a decision and award by the Workmen's Compensation Board, contested solely on appellants' denial of accident arising out of and in the course of employment. Claimant was injured while participating in a softball game at an employees' clambake. At a regular meeting between representatives of employees and management there was some discussion, in addition to other employer-employee matters, of the employees' annual dinner and the annual clambake for which the employer agreed to donate $1,000. At a subsequent meeting of employees' stewards, without management's participation, it was agreed to have both a dinner and clambake and split the employer's donation between the two events. The clambake was held on a nonworking day at a place away from employer's premises. The $500 allotted to the clambake by employees' representatives was insufficient to cover the cost of the clambake and those attending were required to purchase tickets. Not only was there no compulsion to attend the clambake, but it further appears that management exercised no dominance over the affair, had no part in arranging for or participating in the affair and that it neither sought nor gained any business advantage as a result thereof. Mere employer-employee goodwill has not yet been sufficient to sustain an award and, as in *Matter of Wilson* v. *General Motors Corp.* (298 N. Y. 468, 473), the circumstances here presented lead to but one conclusion, viz. that the support given to the affair " should be accepted for what it really was, a gratuitous contribution to its employees' social and recreational life ". (See, also, *Matter of De Carlo* v. *Town of Lowville*, 24 A D 2d 678; *Matter of Iacovino* v. *National Biscuit Co.*, 18 A D 2d 741.) Decision reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.