■ In the Matter of the Claim of HAROLD HORNBURG, Respondent, v. ALLEGANY COUNTY DEPARTMENT OF PUBLIC WELFARE, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the self-insured employer from a decision and award of the Workmen's Compensation Board on the ground that there is no substantial evidence to support the board's determination that claimant's injuries were sustained in the course of employment. On July 29, 1965 claimant was injured in an automobile accident while driving from his place of employment toward the Village of Wellsville. Claimant testified that he was going to Wellsville not only for admittedly personal reasons but also for the purpose of picking up parts that he needed to complete repairs on appellant's farm equipment upon which he had been working all day. Appellant asserts that there was no permission expressed or implied for any business trip and that the accident thus occurred while claimant was not engaged in employment activities. However, claimant testified that he had such permission and despite appellant's proof to the contrary we cannot say that his statements on the entire record were so unbelievable that the board was required to reject them. There were presented to that issue questions of credibility which are, of course, strictly within the province of the board (*Matter of Blaine* v. *Big Four Ind.*, 17 A D 2d 881). The board, accordingly, could properly find the trip was in part made for an employment purpose and that such purpose was at least a concurrent cause of the journey (*Matter of Sullivan* v. *L'Heureux*, 18 A D 2d 1116). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.