In the Matter of the Claim of RICHARD ESPOSITO, Respondent, v. WESTERN ELECTRIC COMPANY, INCORPORATED, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GABRIELLI, J. Appeal by the self-insured employer from a decision of the Workmen's Compensation Board filed May 24, 1967. The sole issue presented on this appeal is whether the accident in which the claimant injured his left eye, arose out of and in the course of his employment. The employer and its parent company through their Per-

sonal Relations Department had organized a "Headquarters Club" which was composed of all employees (including claimant) of the employer, and other affiliates, on the Headquarters payroll. It further appears that the club was underwritten by the employer, was supervised by the employer's Supervisor of Recreational Activities whose full salary was paid by the employer and its affiliates and whose duties it was to correlate all the club activities, make disbursements from the Club fund and arrange for supplemental financial contributions from the employer. Claimant was injured while playing in a regularly scheduled softball game of the Headquarters Club Softball League. The employees, who automatically became members of the Club upon employment, made no contributions to the Club and all recreational equipment was furnished by the employer. The stated purpose of the company-sponsored Club was: "To develop through the program a spirit of friendliness and cooperation among the employees and provide opportunities for the individual employees to obtain the satisfactions that come from the development of skill and the increase of interests and knowledge." The record adequately supports the board's findings "that the employer so dominated the program and benefited by it, as to bring the softball activity in which claimant was engaged at the time of the injury within the scope of employment" and that the injury "arose out of and in the course of the employment". (See *Matter of Tedesco* v. *General Elec. Co.*, 305 N. Y. 544; *Matter of Sillitto* v. *E. J. Meyer Mem. Hosp.*, 29 A D 2d 822, mot. for lv. to app. den. 21 N Y 2d 646.) Additionally compelling is the fact that the employer encouraged participation by publicized periodicals and notices; and that the employer could terminate the activity at any time. (*Matter of Rafti* v. *Merrill Lynch, Pierce, Fenner & Smith*, 20 A D 2d 592, affd. 15 N Y 2d 497.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.