■ In the Matter of the Claim of BARBARA J. GORE, Respondent, v. NEW YORK AIR BRAKE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board awarding claimant death benefits on the grounds that decedent's death did not arise out of and in the course of his employment and that there is not substantial medical evidence to support the board's finding of causal relationship. On Saturday, September 11, 1965 decedent, a 33-year-old time study engineer, suddenly collapsed and died while playing ball at the annual picnic of the Management Club of the New York Air Brake Company. The board has found decedent's death arose out of and in the course of employment. This determination is factual and thus if supported by substantial evidence must be upheld (e.g., *Matter of Jablonski* v. *General Motors Acceptance Corp.*, 22 A D 2d 724; *Matter of Nahabedian* v. *Equitable Life Ins. Co.*, 16 A D 2d 713, mot. for lv. to app. den. 11 N Y 2d 647). In *Matter of Tedesco* v. *General Elec. Co.* (305 N. Y. 544), the Court of Appeals set out the following as significant factors in determining if activities of the nature here involved fall within the scope of the employment relationship: (1) the activities were carried out on the premises of the employer; (2) the employer gave substantial financial support; (3) the employer's control was dominant; (4) advertising and business advantages accrued to the employer; and (5) the employer could halt the program at will. (See, also, *Matter of Nahabedian* v. *Equitable Life Ins. Co.*, *supra*; *Matter of Gillard* v. *North Syracuse Cent. School*, 28 A D 2d 1022.) On the instant record only the fourth factor and possibly to some extent the second alluded to in *Tedesco* are possibly applicable. Here the picnic was sponsored and planned by the Management Club, an employee association controlled by lower level management and not employer dominated (cf., *Matter of Esposito* v. *Western Elec. Co.*, 30 A D 2d 750), and thus despite the employer's donation to this affair, if the case involved only a picnic there would not be sufficient evidence to bring the activity within the scope of employment (*Matter of Koperda* v. *Waterbury & Sons Co.*, 27 A D 2d 968). However, the Management Club engaged in other activities whose relationship with the employer are such that it cannot be said as a matter of law in this close case that the board could not find in the exercise of its fact-finding province that these activities involved more than employer-employee good will (cf., *Matter of Wilson* v. *General Motors Corp.*, 298 N. Y. 468, 473) and were sufficiently related to employment so that all club activities, including the picnic, were brought within the scope of employment. Clearly the employer while not dominating the club encouraged club activities by its financial contribution, albeit relatively limited, its assistance in the collection of dues, its allowance of some meetings to be held on company premises and during working hours for some persons. In addition the employer unquestionably derived some

benefit from the club by reason of the opportunity to address the annual meeting on past performance and future expectancy (see 1 Larson, Workmen's Compensation Law, § 22.23, p. 365) and from the regular monthly meetings through the educational program and discussion of company problems. One avowed purpose of these regular meetings was to foster closer relationship among management employees and thus the board could find that by assisting and encouraging club activities, the employer reasonably might have expected to derive some tangible benefit from the improvement of employee relations and the education program (see *Matter of Hill* v. *McFarland-Johnson, Engineers,* 25 A D 2d 899). Similarly the issue of causal relationship is factual and we find advanced no cogent reason why the board could not accept the medical testimony that causal relationship existed (e.g., *Matter of Bombala* v. *Lark Mfg. Co.,* 32 A D 2d 593). As repeatedly stated, it is not this court's function to decide which expert opinion is more weighty or persuasive (*Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.