■ In the Matter of the Claim of ROBERT PADUANO, Respondent, v. ROCHESTER TELEPHONE CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the self-insured employer from a decision of the Workmen's Compensation Board on the sole ground that there is no sub-

stantial evidence to support the board's finding that claimant's accident arose out of and in the course of his employment. On May 13, 1968, at 8:00 P.M., claimant injured his right knee cap while playing softball as a member of a team in an intramural softball league which consisted exclusively of teams representing the various departments and locations in the employer's enterprise. The record reveals that the employer took the initiative in taking over sponsorship of the league from the union which had previously operated it and expanded it to all its employees, undertook all or most of the financial support of the league, participated in league activities through its plant manager, maintained through its own personnel the notices of the league on company bulletin boards and permitted the use of company stationery and the holding of organizational meetings of the league on company premises. Clearly on this state of the record the board could find that the employer did more than merely encourage an activity, particularly initially financially, among its own employees (cf. *Matter of Wilson* v. *General Motors Corp.*, 298 N. Y. 468; *Matter of Carpenter* v. *Town of New Castle*, 35 A D 2d 16; *Matter of Koperda* v. *Waterbury & Sons Co.*, 27 A D 2d 968; *Matter of Jablonski* v. *General Motors Acceptance Corp.*, 22 A D 2d 724; *Matter of Iacovino* v. *National Biscuit Co.*, 18 A D 2d 741) and that rather the activity was sufficiently dominated and encouraged by the employer as to bring it within the scope of employment under the rationale of *Matter of Tedesco* v. *General Elec. Co.* (305 N. Y. 544); *Matter of Gore* v. *New York Air Brake Co.* (33 A D 2d 851); and *Matter of Esposito* v. *Western Elec. Co.*, (30 A D 2d 750). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur.