■ In the Matter of the Claim of SAM MAZZEI, Respondent, v. ACE DYE WORKS, INCORPORATED, et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board, filed March 17, 1971, which allowed compensation to claimant. Claimant worked

as a general helper for an employer in the business of dyeing materials. He testified that on February 14, 1969 while he was removing a 100-pound carton from the top of a three-high pile, it slipped and, as he grabbed it, he felt a sharp pain in his arm. Claimant's heart specialist who examined him on July 20, 1970 and received a history of his work activities of February 14, 1969, testified that claimant suffered a myocardial infarction and a stroke as a result of the work effort described. The carrier's medical witness was of the opinion that claimant did not suffer an infarction on such date and his illness was not related to the work activities of that morning. On February 25, 1970 and March 18, 1970 claimant filed claims for workmen's compensation. From the time of his alleged accidental injury to the time he filed for workmen's compensation he had received disability benefits, and in none of the claims did he maintain he had sustained an industrial accident. The board found claimant's work activities on February 14, 1969 constituted strenuous work beyond the ordinary wear and tear of life and "resulted in a hemiparesis condition and an aggravation of a pre-existing heart condition". There is substantial evidence in the record to support this finding. (Cf. *Matter of Riccobone* v. *Continental Gas. Co.*, 2 A D 2d 718, mot. for lv. to app. den. 2 N Y 2d 705.) The board further found that the failure of claimant to give written notice of injury was excused due to the fact that the employer was not prejudiced since claimant was hospitalized immediately and received prompt medical attention. There is, in our opinion, substantial evidence to sustain this finding. On this record the board could also find that notice was waived since the carrier did not raise the issue at the first hearing at which all parties were present and claimant testified. (*Matter of Coble* v. *Remington Rand*, 7 A D 2d 676.) Decision affirmed, with costs to the Workmen's Compensation Board. Staley, Jr., J. P., Sweeney and Reynolds, JJ., concur; Greenblott and Kane, JJ., dissent and vote to reverse in the following memorandum by Greenblott, J.: Although we agree with the conclusion reached by the majority that substantial evidence is present to support the finding that "claimant's work activities on February 14, 1969 constituted strenuous work beyond the ordinary wear and tear of life and 'resulted in a hemiparesis condition and an aggravation of a pre-existing heart condition'", we must respectfully dissent. First, the reason for the notice provision is to afford the employer the opportunity to properly investigate the occurrence as well as the opportunity to ascertain the extent and nature of the injury (*Matter of Bloomfield* v. *November*, 219 N. Y. 374; *Matter of Tillotson* v. *New York Tel. Co.*, 33 A D 2d 612; *Matter of Zraunig* v. *New York Tel. Co.*, 32 A D 2d 686). The board, however, has made no finding as to whether the delay in being able to investigate the accident should be excused due to lack of prejudice. Since the delay did not prejudice the employer as a matter of law, the matter should have been remitted to the board for further findings on this issue (see *Matter of Klausner* v. *S & T Delicatessen*, 37 A D 2d 1012). Second, within the requirements established in *Matter of Jocher* v. *Piel Bros.* (13 A D 2d 580), the issue of notice was raised at the first hearing at which all parties were present and claimant testified. (See *Matter of Giel* v. *Kenney Trucking Corp.*, 38 A D 2d 1001.) Therefore, in my opinion the board could not find that the notice required by section 18 was waived.