In the Matter of the Claim of MARTHA DORMAN, Respondent, v. NEW PROCESS GEAR DIVISION CHRYSLER CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 7, 1974.

*Mackenzie, Smith, Lewis, Michell & Hughes (George R. Wolff of counsel), for appellant.*

*Fraser, McDonough, Digby & Connelly (John F. McDonough of counsel), for Martha Dorman, respondent.*

*Louis J. Lefkowitz, Attorney-General (Jorge L. Gomez and Daniel Polansky of counsel), for Workmen's Compensation Board, respondent.*

GREENBLOTT, J. This is an appeal by the self-insured employer from a decision of the Workmen's Compensation Board, filed April 7, 1972, which determined that decedent's demise had resulted from a compensable accident and, consequently, that his widow and children were entitled to compensation.

On the night of October 10, 1970 decedent, Robert K. Dorman and his wife, the claimant herein, attended a dinner dance at the Hotel Syracuse, Syracuse, New York. The function was sponsored by "The Management Club of New Process Gear, Division of Chrysler Corporation", an organization whose membership is restricted to appellant's active and retired management employees. Although decedent was not himself a member, he received an invitation from the club as a participant in the employer's management training program and, considering the event an important opportunity, paid the $10 per couple charge so that he and his wife could attend. After the dance,

the couple proceeded to the Holiday Inn on East Fayette Street in Syracuse where they had a drink and watched the floor show. Upon leaving the Holiday Inn, they were traveling in the general direction of their home in Cazenovia, New York, when, at approximately 2:15 A.M. on October 11, 1970, they were involved in an automobile accident which resulted in Mr. Dorman's death.

Alleging that her husband's death resulted from an injury sustained in the employ of New Process Gear, Mrs. Dorman filed a claim for compensation. After a hearing, her claim was upheld by a Referee whose decision was affirmed by the board which found, *inter alia*, "that decedent's accidental death arose out of and in the course of his employment."

Appellant challenges this result on appeal and argues that there is a lack of substantial evidence to support the board's finding. While it concedes that decedent was in its employ on the date of his death, and that he died as a result of the automobile accident, it further contends that the dinner dance, the only conceivable link between decedent's employment and his death, is insufficient, as a matter of law, to justify an award of compensation. We disagree.

The board has found decedent's death arose out of and in the course of employment. This determination is factual and thus, if supported by substantial evidence, must be upheld. We find ample support in the record to affirm the board's decision in this case, particularly in view of our decision in *Matter of Gore* v. *New York Air Brake Co.* (33 A D 2d 851) and *Matter of Dodge* v. *Wm. J. Keller, Inc.* (279 App. Div. 959). The *raison d'etre and modus operandi* of the "Management Club" indicate that it had become part of the employment environment and its dinner activities had achieved the status of a custom or practice promoted by the employer. (1 Larson, Workmen's Compensation Law, § 20.00, p. 5-1.) Organized in 1960 with the branch manager's approval, and having as its primary objective the improvement of the quality of management, the club, at the time of decedent's accident, had become an inherent part of the employment relationship.

In *Matter of Tedesco* v. *General Elec. Co.* (305 N. Y. 544) the Court of Appeals set down five significant factors to be employed in determining whether activities of the nature here involved fell within the scope of the employment relationship. Two of these requirements have been satisfied. From the evidence, the board could properly find that the employer paid a substantial part of the expenses of the club. The record indicates that, during the fiscal year 1970–1971, the employer con-

tributed to the dinner meetings $1,100 and to the dinner-dance $400, constituting, according to the testimony of one official, approximately 50% of the expenses. The benefits and advantages which accrued to the employer were amply demonstrated by the club by-laws which restricted its membership to the employer's active and retired management employees and proclaimed as the organization's first objective "to improve the quality of management and promote unity in management by education and association". Those in the upper strata of the employer's management staff belonged to the club. Reports of the company's business operations were studied at the club's dinner meetings. Various members of the management, as well as the plant manager himself, had, at times, acted as main speakers at the dinners. It is clear that the relationship of the "Management Club" to the employer was "such that it cannot be said as a matter of law in this close case that the board could not find in the exercise of its fact-finding province that these activities involved more than employer-employee good will (cf. *Matter of Wilson* v. *General Motors Corp.,* 298 N. Y. 468, 473)" (*Matter of Gore* v. *New York Air Brake Co., supra,* p. 851). As we said in *Gore,* the employer unquestionably derived benefits from the club by reason of having the opportunity to address the meetings and to discuss company problems, wherefore the board could find that, by assisting and encouraging club activities, the employer might reasonably have expected to derive some benefit from the educational program and the other morale building aspects of the club's activities. (See *Matter of Hill* v. *McFarland-Johnson, Engineers,* 25 A D 2d 899.)

While there is lacking in the record evidence as to the other factors mentioned in *Matter of Tedesco* v. *General Elec. Co.* (*supra*), it is nevertheless clear that the board did take into account here the employer's financial support and the presence of its highly placed officers among the membership of the club. We held in *Gore* that the board could find activities of the nature here involved within the scope of the employment relationship where only two of the *Tedesco* factors were present.

The board's finding that decedent's death occurred "while driving home from the club's dinner-dance, that the stop for a drink did not take decedent out of the normal route home from the Hotel Syracuse and that decedent's accidental death arose out of and in the course of his employment" is also supported by substantial evidence. (See *Matter of Dodge* v. *Wm. J. Keller, Inc.,* 279 App. Div. 959, *supra.*)

The decision should be affirmed, with costs to respondents filing briefs.

MAIN, J. (dissenting). I respectfully dissent. The majority has concluded that two of the five significant factors set out in *Matter of Tedesco* v. *General Elec. Co.* (305 N. Y. 544) have been established here: that the employer's financial support was substantial, and that there was an advertising and business advantage from the club's activities which benefited the employer. The record shows that while the employer made a contribution of $400 toward the expense of the dinner after it was staged, this amount was less than 25% of the dinner expense, and the employer's total annual contribution to the club was less than 14% of the club's annual total expense. I cannot conclude that these contributions were " substantial ". My search for evidence to support the conclusion that the company received an advertising and business benefit was fruitless. As the court said in *Matter of Wilson* v. *General Motors Corp.* (298 N. Y. 468, 473), " Too tenuous and ephemeral is the possibility that such participation might perhaps indirectly benefit the employer ". Here, as there, only the possibility is shown.

I am puzzled by the majority's heavy reliance on *Matter of Gore* v. *New York Air Brake Co.* (33 A D 2d 851). In that case, there was evidence that the employer encouraged club activities; that the employer assisted in the collection of dues; that the employer permitted club meetings on company property and during working hours and that the club held regular meetings and educational meetings each month. Also, it is noted that Gore was a member of the club and his death occurred during the function or event. None of these circumstances are present here, and I find that case clearly distinguishable from the case at hand.

The decision should be reversed and the claim dismissed.

HERLIHY, P. J., STALEY, JR., and COOKE, JJ., concur with GREENBLOTT, J.; MAIN, J., dissents and votes to reverse in an opinion.

Decision affirmed, with costs to respondents filing briefs.