In the Matter of the Claim of VERONICA DAPP, Respondent, v NEW YORK STATE LIQUOR AUTHORITY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 30, 1975

*Herbert Lasky (Joseph F. Manes* of counsel), for appellants.

*Silverberg, Silverberg, Yood & Sellers* for Veronica Dapp, respondent.

*Louis J. Lefkowitz, Attorney-General (Morris N. Lissauer* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, P. J. This is an appeal from a decision of the Workmen's Compensation Board, filed August 13, 1974, which held that the claimant's accidental injuries arose out of and in the course of her employment.

The record establishes that the claimant, an office employee of the New York State Liquor Authority in Buffalo, New York, sustained accidental injuries while participating in a picnic which was attended by employees of her employer and the employees of various County Liquor Control Boards administered by the zone office in Buffalo, New York.

The record establishes that the picnic was an annual activity of the employer's employees for approximately the last 10 years and that only employees were invited to attend. Various notices in regard to the picnic were typed by office employees; copied on office equipment; forwarded to the various county employees by office mail; posted on the bulletin boards and file cabinets in the office of the employer, and all of the foregoing were done during regular employment hours, including the

sale of tickets to individual employees. Based upon the foregoing undisputed facts, the board could and did find that the Deputy Commissioner had personal knowledge of the use of office time and facilities. The Deputy Commissioner and some other executive officers donated the sum of $10 each to the cost of the picnic whereas all male employees were required to purchase tickets at the sum of $4 apiece, and all female employees who wished to attend were required to pay the sum of $3 each. The record establishes that any and all planning for the picnic, including the decision to hold the same, was done by a Mr. McElroy and perhaps two or three other coemployees, none of whom were identified in the record as being management personnel. The claimant testified that the purpose of the picnic was to "bring about better relations within the office" and to get to better know the employees of the county boards. The picnic was held after working hours and the record does not establish that any of the employees were given time off by the employer to attend the picnic or to set up the facilities for the picnic on the day thereof.

The sole issue raised upon this appeal is whether or not the foregoing evidence as to employer participation in the picnic is adequate to be substantial evidence supporting the finding of the board that the accident arose out of and in the course of the employment (Matter of Tedesco v General Elec. Co., 305 NY 544; Matter of Gore v New York Air Brake Co., 33 AD2d 851). As noted in Matter of Gore v New York Air Brake Co. (supra), the court in Matter of Tedesco v General Elec. Co. (supra) set out certain significant factors which would be indicative of a substantial employment relationship to the activity with which we are here concerned. Of those factors, the only one which might be present in this case would be whatever financial support the executive officers of the company gave to the employees for the picnic. The record, however, does not detail the extent of that support except that to a certain extent it permitted a lesser contribution by individual employees than what might otherwise have been necessary for their attendance. The distinction between a $10 donation and a $3 or $4 donation, however, does not appear upon the present record to be substantial. While the employer obtained some good will as an incident of the picnic, the present record does not establish sufficient participation to make that benefit anything other than fortuitous.

Unlike the situation in Matter of Koperda v Waterbury &

*Sons* (27 AD2d 968) and *Matter of Hill v McFarland-Johnson, Engrs.* (25 AD2d 899), the picnic was not paid for by the employer and there was no encouragement for employees to attend from its supervisors. The recent case of *Matter of Dorman v New Process Gear Div. Chrysler Corp.* (44 AD2d 8, affd 35 NY2d 975) is inapplicable since it dealt with functions organized by a management club which had a distinctive employment relationship which furthered the interests of the employer. The permissive attitude of the employer in regard to the various activities of the employees as to the posting of notices and the creation thereof does not appear to be of such a nature as to establish any substantial employer control over the activity. There is a narrow line of demarcation between what attaches liability to the employer and what does not and in many instances, as here, it becomes a legal issue as to whether there is substantial evidence to sustain the finding of the board. Throughout the years, various guidelines have been established connoting what constitutes liability. In our opinion, the present factual situation does not constitute substantial evidence so as to come within these guidelines. On this record, the nexus between the picnic and the employer has not been established. Upon the present record, the claimant has failed to establish that the accident arose in the course of and out of the employment.

The decision should be reversed, with costs to the employer and its insurance carrier against the Workmen's Compensation Board, and the claim dismissed.

SWEENEY, KANE, LARKIN and REYNOLDS, JJ., concur.

Decision reversed, with costs to the employer and its insurance carrier against the Workmen's Compensation Board, and claim dismissed.