■ In the Matter of the Claim of GENNARO ORIENTALE, Respondent, v MARCUS ASSOCIATES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed January 16, 1974 and May 30, 1975. Claimant, a carpenter, alleged that he injured his back on June 24, 1971 while in the employ of the appellant herein. He continued working until July 4, 1971 when he saw his family physician. Upon admission to a hospital, he was examined by an orthopedic specialist. His injury was diagnosed as a herniated disc. Claimant discharged himself from the hospital on July 16, 1971 and on the following day consulted another doctor who confirmed the diagnosis. It was at this time that the claimant first gave a history of a work-connected injury on June 24, 1971. Claimant's claim for compensation, filed on August 19, 1971, stated that he told his foreman of the injury on July 28, 1971. There is testimony in this record, however, that claimant never reported the injury to his foreman. After hearings, the referee disallowed the claim, finding that the claimant did not sustain an injury arising out of and in the course of employment. The referee further found that the claimant failed to give notice of his injury within 30 days of the accident as prescribed by law and filed this claim as an afterthought (Workmen's Compensation Law, § 18). The board reversed by finding that the claimant sustained an accidental injury arising out of and in the course of his employment and that the carrier waived the issue of notice. Pursuant to the board's decision, the referee then found notice and causal relationship and awarded compensation benefits, which decision and award were affirmed on May 30, 1975. On this appeal, appellants contend that the decision should be reversed because the finding of the board of accidental injury is not supported by substantial evidence and the finding by the board that the carrier waived notice under section 18 of the Workmen's Compensation Law constitutes reversible error. It is well settled that the determination of the board must be affirmed if it is supported by substantial evidence *(Matter of Dorman v New Process Gear*

*Div. Chrysler Corp.,* 44 AD2d 8, affd 35 NY2d 975; *Matter of Gore v New York Air Brake Co.,* 33 AD2d 851). Claimant's testimony as to his work activities on the day in question was substantially corroborated by the testimony of his foreman. The work-related nature of his injury was reported by the claimant to his doctor less than a month after his accident. While there is contradictory medical testimony in regard to causal relationship, this merely creates a conflict in the evidence which the board has the power to resolve *(Matter of Prue v Empire Scrap Metals,* 32 AD2d 680). Therefore, the findings of fact concerning accident and causal relationship are supported by substantial evidence in this record and should not be disturbed. Written notice of an injury must be given to the employer within 30 days of the accident which caused the injury and failure to give such notice is a bar to any claim. The employer or carrier shall be deemed to have waived such notice unless objection is made at the first hearing of the claim at which all parties are present or represented and at which claimant testified (Workmen's Compensation Law, § 18). In the instant proceeding, the first hearing was held on April 14, 1972, and although all parties were present and represented, claimant was not sworn and did not testify. No objection was made at that time to claimant's failure to give required notice. At the second hearing held May 18, 1972, at which all parties were present and claimant testified, the issue of notice was raised. The failure to object at the hearing of April 14 did not, in any manner, constitute a waiver and notice was properly raised at the hearing on May 18 *(Matter of Mazzei v Ace Dye Works,* 39 AD2d 973). The failure of claimant to give proper notice is not an automatic bar to the claim and may be excused by the board. Under the circumstances of this case, the only rational excuse for claimant's failure to give notice would be lack of prejudice to the employer (Workmen's Compensation Law, § 18). However, since the board found a waiver of objection on the part of the insurance carrier, it did not pass on this question of prejudice. The burden of showing that the delay has not been prejudicial is on the claimant *(Matter of Tillotson v New York Tel. Co.,* 33 AD2d 612; *Matter of Smith v Nash Motor Corp.,* 233 App Div 296). The facts of the instant case do not support a finding of prejudice as a matter of law *(Matter of Zraunig v New York Tel. Co.,* 32 AD2d 686). Therefore, the case must be remitted to the board for findings of fact on the question of prejudice by reason of the claimant's failure to give notice *(Matter of Klausner v S & T Delicatessen,* 37 AD2d 1012; cf. *Matter of Zraunig v New York Tel. Co., supra).* Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board. Greenblott, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.