In the Matter of the Claim of BURTON McFEE, Respondent, v SWEET HOME SCHOOL SYSTEM et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed December 29, 1975. Initially the claimant suffered a heart attack on January 28, 1970 which was established as an accidental injury arising out of and in the course of his employment, for which an award was made for a period of total disability. Thereafter, in April, 1971, claimant had another episode involving his heart which resulted in another period of disability which was found by the board to be causally related to the myocardial infarction of January 28, 1970, and for which an additional award was made to the claimant. Following the second coronary problem of April, 1971, claimant continued to experience recurrent chest pain, and ultimately was hospitalized on November 12, 1973, and in December, 1973 claimant underwent surgery to perform a double coronary bypass. The sole issue on this appeal is whether there is substantial evidence to support the board's determination that claimant's disability commencing on November 12, 1973, his hospitalization and heart surgery are causally related to the original myocardial infarction of January 28, 1970, which had been established to be a work-related accidental injury. There is no dispute in the medical testimony that claimant was suffering from arteriosclerotic heart disease, which was becoming progressively worse, when he was hospitalized on November 12, 1973. It is clear from the medical evidence that the surgery was performed in an effort to relieve coronary insufficiency and angina pain due to arteriosclerosis. Dr. Kohn who examined the claimant on behalf of the carrier, testified that the myocardial infarction on January 28, 1970 did not contribute to the natural progression of the arteriosclerotic heart disease from which claimant was suffering; that while it may have resulted from the arteriosclerosis, the myocardial infarction did not make the surgery necessary. Claimant's attending physician testified that he treated the claimant on November 12, 1973 and that he was suffering from coronary insufficiency due to arteriosclerotic heart disease; that, in his opinion, this was a progression of the previous arteriosclerotic heart process that had been going on and that the heart attacks of January 28, 1970 and April, 1971 "played a part in bringing on the condition that presented itself in November, 1973", and were primary factors in the progression of the disease which ultimately required surgery. Appellants concede that the foregoing testimony of claimant's physician standing alone would apparently constitute substantial evidence upon which to base a conclusion of causal relationship. They argue, however, that his testimony as a whole destroys the significance of the testimony referred to herein, in that he agreed with the carrier's physician that in Novembler, 1973 claimant was disabled and required surgery due to arteriosclerotic heart disease, and that such disease of the arteries is not caused by a myocardial infarction. We are not persuaded by this argument. Even if the testimony of claimant's physician was found to be inconsistent, the board could properly determine on the basis of his entire testimony that the myocardial infarction of

January 28, 1970 did play a part and contributed to the physical condition of the claimant as it existed on November 12, 1973, and which necessitated hospitalization and surgery. The board was not bound to accept his opinion *in toto,* but could adopt such conclusions as it deemed supported by the record. While the board may not speculate, it may rationalize and reason upon the record as a whole and take a realistic view in making its determination *(Matter of Manzer v Atlantic Richfield Co.,* 46 AD2d 963; *Matter of Zaepfel v du Pont de Nemours & Co.,* 284 App Div 693, affd 309 NY 962). The conflicting medical testimony presented factual issues for the board to resolve, and there is substantial evidence to support its conclusion. Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Sweeney, Mahoney and Herlihy, JJ., concur.