■ In the Matter of the Claim of SAM STURMER, Respondent, v HARBOR BEER DISTRIBUTING CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workmen's Compensation Board, filed June 3, 1976 and November 18, 1976. On this appeal, appellants argue that the board's decision excusing claimant's failure to file written notice with the employer within 30 days is not supported by substantial evidence and is erroneous as a matter of law. Claimant's wife testified that she informed the shop steward that the claimant had become sick on the job that day and had been hospitalized that evening with a heart attack. The shop steward testified that the next day he informed the claimant's immediate supervisors that the claimant had suffered a heart attack. The record indicates that claimant had filed two claims for compensation benefits, the first of which was received by the board seven days prior to the expiration of the 30-day notice period. In the ordinary course of events this would have caused the board to notify the employer that the claim had been indexed against it (Workmen's Compensation Law, § 25,

subd 2, par [b]). There is testimony that the accident occurred as the claimant was lifting a barrel of beer. Such testimony provides substantial evidence to support the board's determination *(Matter of McFee v Sweet Home School System,* 57 AD2d 980). The claimant's cardiac injury received prompt medical diagnosis and treatment, for within a few hours of leaving his employer's place of business, after the injury, he was admitted to the hospital. The employer was not hampered in making an investigation or preparing a case by the delay because the witnesses to the accident and the events that followed and the relevant hospital records and employment records were all available *(Matter of Mazzei v Ace Dye Works,* 39 AD2d 973, affd 31 NY2d 1034). Decisions affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.