In the Matter of the Claim of E. LYNN BURLINGAME, Respondent, v MOBIL CHEMICAL COMPANY, a Division of Mobil Oil Corp., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 16, 1978

## APPEARANCES OF COUNSEL

*Harter, Secrest & Emery (James C. Moore* of counsel), for appellant.

*Dutcher, Witt, Sidoti & Richards (Frank V. Sidoti* of counsel), for E. Lynn Burlingame, respondent.

*Louis J. Lefkowitz, Attorney-General (Jorge L. Gomez* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

## OPINION OF THE COURT

STALEY, JR., J.

The sole issue presented on appeal is whether claimant's accident arose out of and in the course of employment.

On August 19, 1975, claimant was injured when the motorcycle he was operating collided with a truck while claimant was en route from his home to the playing field to engage in a softball game as a member of a team in the softball league organized, sponsored and financed by the employer, Mobil Chemical Company.

Claimant worked as an account administrator for the employer at its plant at Macedon, New York. The employer provided all the funds required to pay the rent for the playing field and the cost of all the equipment, except the players' gloves. On the date of the accident, claimant had gone home after work, changed his clothes for the ball game, and then proceeded to the playing field by motorcycle. As a result of the accident, he fractured his left tibia and fibula, the left patella, the left wrist and middle finger of the left hand. A majority of the board found that "based on the record, that the team was sponsored by the employer with a view toward morale building and better employer-employee relations thus deriving a business advantage and that the claimant in traveling to the company sponsored game sustained injuries arising out and in the course of employment".

■ The finding of the board that the employer did more than merely encourage an activity, particularly by its sponsorship and financing the softball league for its employees, made the activity sufficiently dominated and encouraged by the employer to thus bring it within the scope of employment *(Matter of Tedesco v General Elec. Co.,* 305 NY 544; *Matter of Paduano v Rochester Tel. Corp.,* 37 AD2d 871; *Matter of Gore v New York Air Brake Co.,* 33 AD2d 851; *Matter of Esposito v Western Elec. Co.,* 30 AD2d 750).

■■ Viewed as a whole, there is substantial evidence upon which the board could find that the employer benefited from

and dominated the program. In addition, the compensability of claimant's injuries is unaffected by the fact that the accident occurred, not on the playing field, but while claimant was traveling to the place where the softball game was to be played. Risks incidental to the journey to and from the actual activity beneficial to the employer resulting in injuries are accidents arising out of and in the course of the employment (*Matter of Dorman v New Process Gear Div. Chrysler Corp.,* 44 AD2d 8, affd 35 NY2d 975; *Matter of Dodge v Wm. J. Keller, Inc.,* 279 App Div 959, affd 304 NY 792; 1 Larson, Workmen's Compensation Law, § 22.23).

The decision should be affirmed, with costs to the Workmen's Compensation Board against the self-insured employer.

MAHONEY, P. J., GREENBLOTT, SWEENEY and MIKOLL, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board against the self-insured employer.