■ In the Matter of the Claim of ALICE OLGEATY, Respondent, v PASS & SEYMOUR, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workers' Compensation Board, filed August 16, 1978, May 24, 1979, September 25, 1979 and September 29, 1979, which held that claimant's decedent suffered a myocardial infarction on January 31, 1975 which constituted an accident within the meaning of the Workers' Compensation Law and resulted in his causally related death. The board found: "based on the hospital records, the history given by decedent to Dr. Hayman, the widow's testimony and the testimony of Dr. Black and Dr. Hayman, that the decedent, on January 31, 1975, did climb an incline and carry dies, which work was arduous for this individual, and precipitated his myocardial infarction, an accident within the meaning of the Workers' Compensation Law, that resulted in his causally related death." There is substantial evidence in the record to support this determination of the board. Decisions affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Main and Mikoll, JJ., concur; Staley, Jr., J., not taking part.

■ In the Matter of the Claim of FRANCINE KLEIN, Respondent, v SHEARSON, HAYDEN, STONE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed December 28, 1979. The board found: "inasmuch as the employer picked an attractive vacation site for the convention and did not in any way discourage the early arrival of the employees, the accidental death occurred within the precincts of the employment." Substantial evidence in the record supports the determination of the board. Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Main and Mikoll, JJ., concur; Staley, Jr., J., not taking part.