■ In the Matter of the Claim of MARY WRIGHT, Respondent, v GENERAL ELECTRIC COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeals from decisions of the Workers' Compensation Board,

filed January 15, 1980 and July 17, 1980. The decedent, an employee of the appellant General Electric Company (G.E.) at its Schenectady plant, and his wife, the claimant herein, drove to Peterborough, Ontario, on Friday, May 13, 1977. The purpose of their trip was twofold: decedent was scheduled to attend a business meeting at the G.E. plant in Peterborough the following Monday, May 16, 1977, and he and his wife wanted to celebrate their anniversary together in Peterborough where they had spent many years while decedent was employed at the G.E. plant there. On Saturday, May 14, 1977, decedent and his wife were involved in an automobile accident in Peterborough, which resulted in decedent's death. The board found that the accident arose out of and in the course of decedent's employment and awarded claimant a death benefit. This appeal ensued. "The courts are bound by the [board's] findings of fact which, including the ultimate fact of 'arising out of and in the course of', must stand unless erroneous in law and regardless of whether conflicting evidence is available" *(Matter of Young v Henry M. Young, Inc.,* 56 AD2d 941, 942). The fact that the purpose of the trip was partly personal does not require a finding that decedent's death did not arise out of and in the course of employment (see *Matter of Klein v Shearson, Hayden, Stone,* 78 AD2d 758; *Matter of Hornburg v Allegany County Dept. of Public Welfare,* 29 AD2d 1031). Claimant testified that decedent told her shortly before the accident that he was planning to stop at the G.E. plant and this was corroborated by testimony of decedent's supervisor (see Workers' Compensation Law, § 118). Moreover, there was evidence that decedent had received permission to travel to Peterborough on Friday and had received a cash advance to cover one night's lodging and meals. No restrictions were placed on decedent's activities during his attendance at business meetings that he was required to attend. Accordingly, the board's finding is amply supported by substantial evidence. Decisions affirmed, with one bill of costs to respondents. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.