■ In the Matter of the Claim of MARION J. VACCARO, Respondent, v SPERRY RAND CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal by the employer and its insurance carrier from a decision of the Workers' Compensation Board, filed July 9, 1980, which held that decedent sustained an accidental injury within the scope of the Workers' Compensation Law. Decedent, a 54-year-old research department head, died after jogging, during his lunch hour, on his employer's premises. The record discloses that jogging during the lunch hour on the employer's property was a permitted activity and that the employer furnished the employees with an athletic facility, known as the Sperry Rand Athletic Club, consisting of a gym, locker room and showers. Membership in the club, which was open to all employees, was voluntary. The club's functions were controlled entirely by the members. However, the employer did engage an administrator of employee service and recreation who acted as a "general overseer" and co-ordinated disbursement of the club's funds. These funds came from commissions on candy and cigarette machines as well as commissions from public telephones located throughout the employer's premises. The employer acquiesced in the use of its

name on shirts worn by club members and participated in an annual awards dinner for which it provided trophies. Given the intimate relationship between the employer and the athletic club, and the added fact that the employer could terminate athletic activities on its premises at will, the board's finding, borne out by medical testimony, that decedent's death was causally related to and arose out of strenuous exertion engaged in while in the course of his employment, must be sustained *(Matter of Tedesco v General Elec. Co.,* 305 NY 544; *Matter of Gore v New York Air Brake Co.,* 33 AD2d 851). Decision affirmed, with costs to the Workers' Compensation Board. Sweeney, J. P., Kane, Mikoll and Yesawich, Jr., JJ., concur.