■ In the Matter of the Claim of JUAN NAZARIO, Respondent, v NEW YORK STATE DEPARTMENT OF CORRECTION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board filed October 3, 1980, which held that claimant sustained an accidental injury within the scope of the Workers' Compensation Law. On May 25, 1978, at 7:30 P.M., claimant, employed as a correction officer at the Walkill Correctional Facility, sustained a broken ankle while playing softball on the prison grounds. Claimant's team was comprised exclusively of coemployees and was managed by a sergeant at the facility. Participation was voluntary. Claimant testified that the essential purpose of the team was to promote employee morale. He further stated that written application to the superintendent of the institution was necessary for approval to use the field. The employer acquiesced in the use of its name on T-shirts worn by team members, but it does not appear that the employer provided financial support. Game scores and schedules were posted on the employer's bulletin board. The board, in reversing the referee's determination denying the claim, stated: "Upon review, a Majority of the Panel finds, based on the entire record and in particular, the claimant's testimony, that the claimant did, on May 26, 1978, sustain an accident within the meaning of the Workers' Compensation Law with resulting causally related disability." The determination of whether

claimant's accident arose out of and in the course of employment presents a factual question for the board (see *Matter of Wright v General Elec. Co.,* 81 AD2d 722; *Matter of Young v Henry M. Young, Inc.,* 56 AD2d 941). Pertinent herein is the fact that the employer could terminate the athletic activities on its premises at will (see *Matter of Tedesco v General Elec. Co.,* 305 NY 544; *Matter of Vaccaro v Sperry Rand Corp.,* 83 AD2d 678; *Matter of Gore v New York Air Brake Co.,* 33 AD2d 851). Moreover, it is not insignificant that the activity benefited employer-employee relations (see *Matter of Devendorf v County of Nassau,* 77 AD2d 706; *Matter of Burlingame v Mobil Chem. Co., Div. of Mobil Oil Corp.,* 61 AD2d 273). In our view, there is substantial evidence to sustain the determination of the board. The essential nexus between the softball game and the employer has been established (*Matter of Tedesco v General Elec. Co.,* 305 NY 544, *supra*). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.