■ In the Matter of the Claim of JULIA M. DICK, Respondent, v NATIONWIDE INSURANCE COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed January 26, 1981, which ruled that claimant's decedent sustained an accidental injury in the course of his employment and awarded benefits. Decedent, a regional manager for Nationwide Insurance Company in their Syracuse office, was directed to meet with company representatives at Canandaigua, New York, early in the morning of September 22, 1978, and to be back at his own office in Syracuse for lunch the same day. He routinely made such trips to various locations in a company car provided for his use. On the occasions he traveled to Canandaigua, unless the weather was unusually bad, he stayed overnight at a summer camp he owned on a nearby lake some 12 miles away. His employer knew of this practice, as he only charged expenses on the occasions he stayed at a motel. On the evening of September 21, 1978, after he and his wife had shopped for groceries, decedent met his death in a head-on collision on the road from Canandaigua to his summer camp. At issue is whether his death was from an accident arising out of and in the course of his employment, as found by a majority of the board panel. Clearly decedent was an "outside worker", and thus within the coverage of the Workers' Compensation Law from the time he left Syracuse until his return (*Matter of Madden v Kellogg Co.*, 13 NY2d 1141). The trip to his summer camp was not a purely personal activity, nor was it a deviation from his employment. The entire arrangement was to the ultimate benefit of the employer, and this factual determination by the board is founded in reason and upon substantial evidence (*Matter of Marks v Gray*, 251 NY 90; *Matter of Wright v General Elec. Co.*, 81 AD2d 722). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.

■ In the Matter of the Claim of KENNETH ROBINSON, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 14, 1981. The employer contends that the board erred in finding that claimant had not voluntarily withdrawn from the labor market. However, in view of the undisputed testimony that claimant's retirement was involuntary, that subsequently he searched for and obtained other employment and that he had a causally related disability, the board's finding is clearly supported by substantial evidence (see *Matter of Yamonaco v Union Carbide Corp.*, 42 AD2d 1014; *Matter of Santry v Westinghouse Elec. Corp.*, 35 AD2d 1037). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.