■ In the Matter of the Claim of DORCAS OLMEDO, Respondent, v MAYOR'S SUMMER YOUTH PROGRAM et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed May 13, 1982, which ruled that the death of claimant's decedent arose out of and in the course of his employment and awarded benefits. The 16-year-old decedent was drowned while attempting to rescue another boy at an annual picnic for employees of the Mayor's Summer Youth Program in the City of Buffalo. The decedent had a part-time summer job with the program, performing maintenance work at a church. The picnic was organized by decedent's supervisor, who obtained permission from the city supervisor for the group of high school students to take the workday off and make the time up later. The picnic was held at a park with each participant contributing $5. On review here is the board's determination that decedent's death arose out of and in the course of his employment. This finding is a factual question for the board (*Matter of Nazario v New York State Dept. of Correction*, 86 AD2d 914, 915) which, if supported by substantial evidence, must be upheld (*Matter of Gore v New York Air Brake Co.*, 33 AD2d 851). Certain significant factors are traditionally looked for in claims for benefits for injuries incurred by employees during recreational activities. Included are whether: (1) the activities took place on the employer's premises; (2) the employer provided substantial financial support; (3) the employer exercised control over the event; (4) the activity provided a business advantage to the employer; (5) the employer could halt the program at any time (*Matter of Tedesco v General Elec. Co.*, 305 NY 544, 550). At least two and possibly three of these elements existed in the instant matter. First, the employer could have stopped the picnic by refusing permission for the group to take the workday off (see *Matter of Nazario v New York State Dept. of Correction, supra*, p 915). In this same way, the employer could be said to have exercised control over the event by authorizing its employees to attend during business hours (cf. *Matter of Dapp v New York State Liq. Auth.*, 50 AD2d 250, where benefits were denied for an injury incurred at a picnic not held during business hours). Finally, the picnic provided a business advantage to the employer by contributing to the morale and *espirit de corps* of the program's participants. This inference is further supported by evidence in the record that it was decedent's immediate supervisor who organized and obtained the necessary approvals for holding the affair. Improved employee morale provided by recreational activities has often been found to benefit employers and has accordingly been held to provide an element of justification for a finding of compensability in similar cases (see *Matter of Devendorf v County of Nassau*, 77 AD2d 706; see, also, *Matter of Lingyak v Penney Co.*, 89 AD2d 655, mot for lv to app den 58 NY2d 603). Considering the record as a whole, we find that there was substantial evidence for the board's determination that decedent's death arose out of his employment. The second issue raised on this appeal is whether the board erred in finding that decedent's mother, claimant herein, was partially dependent on him, thereby entitling her to death benefits. Again, we are constrained to affirm the board's factual determination in favor of claimant since it is based on substantial evidence (see *Matter of Rodriguez v Vogue Metalcraft*, 96 AD2d 619, 620). Testimony before the board revealed that claimant was raising three children at the time of the accident, of whom decedent was the oldest. She was in ill health and was unable to work. She received $40 every two weeks in child

support and alimony from her ex-husband and had been on and off public assistance. Claimant testified that of the $57.50 which decedent earned per week, he would turn over from $40 to $50 to her which she used to buy food and clothing for the family. The proof, therefore, established a pattern of contributions from decedent to claimant which justified the board's finding that decedent's death reduced claimant's standard of living (see *Matter of Hernandez v Frangella Bros.*, 64 AD2d 734). The lack of an itemization of claimant's household expenses in the record does not bar this finding. In light of the family's destitution, it was reasonable for the board to infer that the loss of decedent's modest contributions had a detrimental effect on claimant (see *Matter of Holloway v Camp Hatikvah,* 14 AD2d 638). Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.