In the Matter of the Claim of LAWRENCE WILSON, Respondent, v DETROIT HOCKEY CLUB, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, December 13, 1984

### APPEARANCES OF COUNSEL

*Welt, Stockton & Associates* (*Sophia Challandes-Angelini* of counsel), for appellants.

*Walsh & Hacker* (*Thomas J. Walsh* of counsel), for Lawrence Wilson, respondent.

*Robert Abrams, Attorney-General* (*Theresa E. Wolinski* and *Carlin Meyer* of counsel), for Workers' Compensation Board, respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

Claimant was coach of the Adirondack Red Wings, a farm club affiliate of Detroit Hockey Club, Inc. He died on August 16, 1979 while jogging near his home in the Glens Falls area of Warren County. After hearings on a claim for death benefits under the Workers' Compensation Law, an administrative law judge concluded that claimant's death arose out of the course of his employment and made appropriate awards to claimant's widow and minor son. The decision was affirmed by a majority of the Workers' Compensation Board. This appeal by the employer and carrier ensued.

The salient facts are as follows. On August 16, 1979, approximately four weeks prior to the opening of the Adirondack Red Wings' training camp, claimant went to the Glens Falls Civic Center, the site of the local hockey rink, at about 6:30 A.M. After working in his office until 2:00 P.M., he returned home, where he worked out by lifting weights with his son until approximately 4:00 P.M. Thereafter, claimant went jogging. He never returned. His body was found at the bottom of an embankment. An autopsy revealed that the underlying cause of death was "[s]evere coronary artery sclerosis and hypertrophy of the heart".

While claimant's widow concedes that a physical examination was not required of her husband as a condition of either employment or continued employment by his employer, and, further, that claimant was not contractually required to keep himself in good physical condition, she nevertheless insists that he was expected to be "in shape" in order to discharge his duties as a hockey coach. In support of this alleged employer expectation, testimony was offered that claimant had in his possession a physical fitness manual prepared by the Detroit Hockey Club entitled "1979 Off Season Conditioning Program". While this manual was intended for players rather than coaches, claimant utilized the manual in his own exercise program.

Apparently, the board concluded that the expectation of the employer that claimant be in good physical condition at the opening of training camp supplied the requisite nexus to his off-season physical exercise, such that the resultant death flowing from such physical exertion arose "out of and in the course of employment" (Workers' Compensation Law, § 2, subd 7). We disagree. Claimant was not a traveling employee staying at a distant place in a new environment and thereby susceptible to a greater risk of injury while engaged in a reasonable activity (see *Matter of Capizzi v Southern Dist. Reporters*, 61 NY2d 50). To the contrary, he was at home awaiting the opening of hockey camp. While it may be argued that claimant's employer would prefer a coach in good physical shape, it is clear from the record that excellent physical condition was not a condition of employment. Next, there is no suggestion that the contract of employment would have been terminated had claimant reported to work without having engaged in strenuous physical exercise while awaiting the opening of training camp. To extend the benefits of the Workers' Compensation Law to cover the means whereby an employee working in the area of organized athletics chooses to maintain his bodily well-being, when such is not required as a condition of his employment, is to enlarge that law into what it was not intended to be, an insurance policy.

While we cannot deny that the requirement of "arising out of and in the course of employment" has been liberally construed by this court, we nevertheless feel that how an individual maintains his health, apart from a contractual obligation to engage in certain exercises intended to better prepare himself for his employment obligation, is a noncompensable personal act.* Here, there was extensive testimony that claimant enjoyed and regularly engaged in the type of physical exertion that marked his activities on the day he died. Accordingly, it cannot be said that his exertion of August 16, 1979 was intended solely to prepare himself to coach hockey, for it clearly appears that he might have prepared himself in exactly the same way if engaged in any other employment or vocation (see *Matter of Miller v Bartlett Tree Expert Co.*, 3 NY2d 654, 657 [Van Voorhis, J., dissenting]; *Matter of Davidson v Pansy Waist Co.*, 240 NY 584, 585).

KANE, CASEY, WEISS and LEVINE, JJ., concur.

Decision reversed, and claim dismissed, with costs to appellants against the Workers' Compensation Board.

---

* We note that where the employer provides the time and facilities for physical recreation, injuries sustained during such recreation have been held to arise out of the course of employment (see *Matter of Nazario v New York State Dept. of Correction*, 86 AD2d 914; *Matter of Vaccaro v Sperry Rand Corp.*, 83 AD2d 678).