■  In the Matter of MAGDALENE A. BLOME, Respondent, v. PRESTI AUTO SALES et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed February 7, 1973. The sole issue presented is whether there is substantial evidence in the record to sustain the board's finding that decedent's death was causally related to a concededly compensable permanent heart injury sustained on June 4, 1962. The fact that no autopsy was performed "probably precludes absolute certainty as to the cause of decedent's death, but this, of course, would not prevent an award if there is responsible medical proof to support the board's finding". (*Matter of Conti* v. *State Warehouse*, 29 A D 2d 1041, 1042; see, also, *Matter of Fleming* v. *George N. Flinn Corp.*, 35 A D 2d 863.) There is such proof in this record in Dr. Marder's testimony. His hypothesis that decedent suffered a fresh myocardial infarction causing him to fall down the stairs is supported by medical notations in the hospital records and by the medical examiner's conclusion. Thus, his testimony cannot be characterized as empty speculation (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529, 532) and, while there was evidence to the contrary, it was not necessarily inconsistent with his hypothesis. An educated medical theory may support an opinion of causal relationship and absolute knowledge of exactly what occurred medically is not necessary to support such an opinion (*Matter of Normile* v. *Spagnoletti Constr. Co.*, 27 A D 2d 169, 171). The selection, by the board, of one of two conflicting medical opinions was thus a matter within its fact-finding power (*Matter of Adamski* v. *New York State Workmen's Compensation Bd.*, 21 A D 2d 715) and its findings are supported by substantial evidence in this record (see *Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414, 416). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Main, JJ., concur.