■ In the Matter of the Claim of Betty Girard, Appellant, v St. Joseph Mineral Corp., Respondent. Workers' Compensation Board, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed December 29, 1977, which found that decedent's death was not related to his occupational disease. The decedent, claimant's husband, last worked for the employer in 1955. On May 9, 1973, decedent was advised that he had a respiratory condition and a claim for benefits was filed. This claim was controverted and, after a hearing, a referee found that claimant was suffering from chronic bronchitis, talcosis, silicosis and pulmonary emphysema causally related to his employment by reason of which he was

permanently and totally disabled, and an award was made against the employer. On July 26, 1974, the board affirmed the referee's decision. On March 6, 1974, decedent was admitted to Upstate Medical Center where Dr. Makhuli diagnosed an abdominal aortic aneurysm. Consultation was had with Dr. Bredenberg of the cardiovascular service, who was under the impression that no further treatment for the aneurysm should be done. On March 13, 1974, the decedent was discharged to the care of his physician. On October 5, 1975, decedent was admitted to E. J. Noble Hospital, Gouverneur, New York, complaining of back pain radiating into the groin. His family was advised to transfer him to Upstate Medical Center for surgery. Decedent was scheduled for transfer on October 15, 1975, but he died on October 12, 1975. The family refused permission to perform an autopsy. The death certificate indicated that the immediate cause of death was cardiac arrest due to, or, as a consequent of the abdominal aortic aneurysm, and chronic lung disease. Decedent's widow then filed a claim for compensation in a death case. At the hearings held on this claim, three physicians were called to testify. Dr. Nash rendered an opinion that the decedent's pneumoconiosis contributed to his death in that he had a well-documented abdominal aneurysm that could not be operated on, in view of the respiratory disease, and the denial of the benefits of surgical therapy contributed markedly and directly to the cause of his death. Dr. Maxon, an impartial specialist and expert chest consultant reported that: "The cause of death as listed in the death certificate; namely, cardiac arrest due to chronic lung disease is not supported by the clinical facts. It is the considered opinion that death of this claimant was due to hemorrhage from a ruptured aortic aneurysm. The development of the aneurysm was in no way related to the pulmonary disease, nor did the pulmonary disease contribute to in any way to the terminal events. Under these circumstances the claimant's death is unrelated to any of his occupation." Dr. Maxon further testified that accepted medical practice is to defer surgery to correct an abdominal aneurysm until the aneurysm poses immediate danger. Dr. Schlamowitz, an internist, reviewed the decedent's medical records at the request of the employer, and reported that there was no causal relationship direct or indirect between this patient's demise and his pulmonary condition. The referee determined that death was due to a rupture of the abdominal aortic aneurysm and not causally related to claimant's compensable pneumoconiosis condition. The board affirmed the decision of the referee, stating: "Upon review of the record the Board Panel finds, based on the testimony of Dr. Maxon and Dr. Schlamowitz, that the decedent's death on 10/12/75 was not causally related to his occupational disease." The selection by the board of one of two conflicting medical opinions was within its fact-finding power *(Matter of Blome v Presti Auto Sales,* 43 AD2d 1002) and, accordingly, the decision of the board, being supported by substantial evidence in the record, must be affirmed. Decision affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., and Main, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The decision of the board denying death benefits is not based on substantial evidence and should be reversed as a matter of law. The decedent was totally and permanently disabled because of his pulmonary problems attributable to the 30 years he spent as a zinc miner. On March 6, 1974, decedent was found to have a large abdominal aortic aneurysm. The surgeon, Dr. Bredenberg, who was called to examine him, stated that the patient would not tolerate a resection of the aneurysm because of severe chronic lung disease and that no further

treatment of the aortic aneurysm should be done. He was referred to his own physician. He was admitted to E. J. Noble Hospital on October 5, 1975 in severe pain and looking anemic. His aneurysm was found to be huge and the family was advised to have him operated on. All three physicians who testified agreed that the decedent needed a resection and that it was properly not done in 1974 because of his pulmonary condition which made him a grave surgical risk and that conservative treatment was indicated. They agree too that he died of the aneurysm in 1975 while a surgery team was being readied to attempt the resection. I do not perceive this to be a case of differing medical opinion. The conclusion follows both probatively and logically that the decedent needed a resection, that he was denied this lifesaving technique because of his pulmonary condition and that he died from the aneurysm which was not resected. To conclude that his pulmonary condition was not related to his death is to abandon logic and the reasonable and rational conclusion flowing from the facts (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176).