■ In the Matter of the Claim of BARBARA SERAFIN, Appellant, v PLEASANT VALLEY WINE COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed October 19, 1982, which denied claimant's application for benefits. Decedent was an assistant sales manager for Pleasant Valley Wine Company. He died on November 2, 1976. A claim on behalf of claimant widow and two dependent children was filed on March 14, 1978. The carrier raised the issue of

the failure to notify the employer of the claim pursuant to section 18 of the Workers' Compensation Law. Claimant contended that decedent, as part of his work, regularly brought cases of wine home to give out as advertising and that he was reimbursed by his company for such expenses. Decedent's sons testified that on October 31, 1976, decedent felt ill after carrying three, 40-pound cases of wine into his basement. On November 1, 1976, decedent was ill and could not depart for a scheduled business trip to Miami. He was treated by his physician that same day. Decedent had been treated for heart related matters since 1966. He had a heart valve replaced in 1966 and a stroke in 1975 from which he recovered. His physician testified that he had received no history relating to the onset of chest pains after carrying wine cases. Decedent died of a myocardial infarction on November 2, 1976 which the doctor said began on October 31, 1976. His physician opined that such an effort as described by decedent's family could be a causative factor. There was evidence that his artificial heart valve had grown over with tissue and that blood clots were found, either of which could impede blood flow. The carrier's physician concluded that there was no causal connection between the carrying of cases and the heart attack because decedent's symptoms did not occur until the next day. The employer's representative testified that company policy prohibited the giving of wine as gifts and that reimbursement for such expense was not allowed. The board held that claimant's application for benefits was untimely filed to the prejudice of the employer in violation of section 18 of the Workers' Compensation Law and that there was no advance payment of compensation. The board further held that there was no credible evidence of an accident arising out of the course of decedent's employment. Substantial evidence supports the finding of the board. The selection by the board of one or two conflicting medical opinions lies within its fact-finding power (*Matter of Girard v St. Joseph Min. Corp.,* 69 AD2d 968, affd 50 NY2d 934). Additionally, the prejudice to the employer in claimant's failure to timely make a claim forecloses an award on her behalf (*Matter of Zraunig v New York Tel. Co.,* 32 AD2d 686). Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.