■ In the Matter of the Claim of MARGARET M. McMICKING, Appellant, v CITY OF NIAGARA FALLS, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Yesawich, Jr., J. Appeal from a decision of the Workers' Compensation Board, filed April 20, 1984, which ruled that claimant's decedent did not sustain a causally related disability and denied both occupational disease and death benefits.

In October of 1979, while serving as a motorcycle policeman with the City of Niagara Falls, claimant's decedent sustained a cerebral concussion and fractures of the extremities. Two months later he returned to work, but being unable to discharge the functions of that position, he was reassigned to light duty. On March 24, 1980, while working as a radio operator, decedent suffered a heart attack. Disabled, he voluntarily retired in February of 1981. He died of a heart attack the following May while walking. There is no evidence that either of decedent's heart attacks was causally related to any specific instance of physical or emotional stress.

Claims for occupational disease benefits and death benefits filed by claimant on decedent's behalf were controverted by the employer. At the ensuing administrative hearing, claimant's doctor testified that the gradual development of coronary artery disease, the cause of decedent's heart attacks, was the product of his employment. Two former motorcycle policemen attested to the stressful nature of the job. Although presented with an opportunity to do so before his death, decedent did not testify as to his duties and work environment. The employer's consulting cardiologist found no connection between decedent's occupation and his underlying arteriosclerosis. In his opinion, unidentified studies, relied upon by claimant's expert and which concluded that a high correlation does indeed exist between police work and development of heart disease, were "purely speculative". In reversing the Workers' Compensation Law Judge's award of benefits, the Workers' Compensation Board stated: "Upon review, the Board Panel finds that the decedent's work activities did not involve any undue physical exertion or emotional stress." This appeal by claimant ensued.

The testimony of the employer's medical expert provides substantial evidence to support the Board's decision to deny benefits. Since choosing between conflicting medical opinions "is an exercise of fact-finding power which is entirely within the province of the Board" (*Matter of Palermo v Gallucci & Sons*, 5 NY2d 529, 532; *see also, Matter of Serafin v Pleasant Val. Wine Co.*, 98 AD2d 887, 888; *Matter of Girard v St. Joseph Min. Corp.*, 69 AD2d 968, *affd* 50 NY2d 934), we are obliged to confirm.

Decision affirmed, without costs. Kane, J. P., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.