■ In the Matter of the Claim of MARY A. WILLIAMS, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.— Levine, J. Appeal from a decision of the Workers' Compensation Board, filed July 22, 1987, which ruled that claimant's injuries did not arise out of and in the course of her employment and denied her claim for workers' compensation benefits.

Claimant, an employee of the State Department of Health, was injured while rollerskating on the Empire State Plaza mall in the City of Albany during her lunch hour. Thereafter, claimant filed a claim for workers' compensation benefits. In support of her claim for benefits, claimant contended that she was participating in a smoking cessation program sponsored by her employer and that, as part of that program, she was encouraged to engage in physical activities on her lunch hour. The employer and its workers' compensation insurance carrier challenged claimant's right to benefits on the ground that claimant's rollerskating was a personal activity unrelated to her employment. Hearings were held after which the Workers' Compensation Board determined that claimant's injuries

did not arise out of and in the course of her employment. This appeal ensued.

On appeal, claimant contends that the Board's decision was unsupported by substantial evidence. We disagree. Claimant's own testimony indicated that, on the day of the accident, she made a voluntary, individual decision to go rollerskating on her lunch hour. In addition, claimant acknowledged that the program she participated in to stop smoking had no physical exercise component and that it was only suggested that participants engage in some such activity of their own choosing as an alternative to smoking. Furthermore, it was evident from the record that claimant had used her own rollerskates on the day of the accident and that she skated regularly prior to joining the smoking cessation program. Based on the foregoing, there was sufficient evidence to support the Board's conclusion that claimant's rollerskating was a personal act unrelated to her employment *(see, Matter of Wilson v Detroit Hockey Club,* 104 AD2d 168, *affd* 66 NY2d 848).

Decision affirmed, without costs. Kane, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.