828

■ In the Matter of the Claim of LYNN L. COOLEY, Appellant, v NEW YORK STATE POLICE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Harvey, J.

In January 1985, claimant, a State Trooper for 14 years, began experiencing chest pains while cutting wood with a chainsaw. Shortly thereafter he suffered a heart attack.* Subsequently, claimant filed a claim for workers' compensation benefits asserting that his heart attack was caused by stress on his job from being pressured to write more tickets and also by chopping wood, which he stated he did in order to keep in good physical shape for work. The State Insurance Fund controverted this claim alleging that claimant's heart attack occurred while he was involved in a personal act, namely cutting timber to sell as part of his second job. In May 1987, following hearings, a Workers' Compensation Law Judge filed a decision in which he found occupational disease, notice and causal relationship for the heart attack and made an award. The Fund appealed this decision. Ultimately the Workers' Compensation Board rescinded the May 1987 decision and disallowed the claim, finding that claimant was not "subjected to any stress beyond that inherent in [his] regular work as a State Trooper" and that his heart attack was caused by his personal activity in cutting wood for his own purposes. This appeal followed.

We affirm. In our view, substantial evidence supports the Board's disallowance of the claim. The Board rationally found that claimant's own action in cutting wood for personal reasons precipitated his heart attack, rather than stress at work. This conclusion was also supported, in part, by the medical report of claimant's own doctor. Although the contention was raised that claimant's wood-cutting activities were the result of a supervisor's direction to lose weight, it is undisputed in the record that claimant was not ordered to engage in that specific activity to achieve that purpose (cf., Matter of Wilson v Detroit Hockey Club, 104 AD2d 168, 169, affd on opn below 66 NY2d 848). There was ample evidence presented to demonstrate that the activity in which he was engaged was primarily to further secondary financial gain unrelated to his employment (see, supra; see also, Matter of Williams v New York State Dept. of Health, 145 AD2d 882, 883).

---

* Claimant subsequently suffered a second heart attack prior to the completion of these proceedings and died in January 1988.

It is correctly pointed out that, in certain instances, heart attacks can be considered compensable accidents when it is sufficiently shown that they are causally related to the claimant's employment *(see, e.g., Matter of Black v Metropolitan Tobacco,* 71 NY2d 989; *Matter of Gates v McBride Transp.,* 60 NY2d 670; *Matter of Klimas v Trans Caribbean Airways,* 10 NY2d 209).* Here, however, the medical evidence on this point was speculative and uncertain *(see, Matter of Klimas v Trans Caribbean Airways, supra,* at 215), as was any evidence that might indicate that claimant was under emotional stress at the critical time *(see, supra).* Specifically, while it is clear from the testimony that the job of State Trooper is inherently stressful to some extent, the record supports the Board's finding, based on the testimony of claimant's superior officers, that claimant had given no indication that he was especially upset at work and that he was not under any greater strain than his fellow officers.

As for the occupational disease claim, the medical report of the carrier's consultant provides substantial evidence that job stress did not trigger the attack or cause the development of early coronary artery disease *(see, Matter of McMicking v City of Niagara Falls,* 114 AD2d 593). While claimant's physician opined that the heart attack was caused by both physical work and job stress, the Board was free, in the exercise of its fact-finding powers, to resolve any conflicts in medical opinion *(see, Matter of Curtis v Adirondack Trailways,* 146 AD2d 900, 901).

Decision affirmed, without costs. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.