◼ In the Matter of the Claim of MAUREEN DANIELS, as Widow of FRANK DANIELS, Deceased, Appellant, v WALLACH's MENS STORE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [694 NYS2d 800] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed April 9, 1998, which ruled that claimant's decedent did not sustain an accidental injury in the course of his employment and denied her claim for workers' compensation benefits.

The only issue that we need determine is whether there is substantial evidence to support the Workers' Compensation Board's conclusion that the November 30, 1991 death of claimant's husband, Frank Daniels (hereinafter decedent), was due to his serious preexisting heart condition and was unrelated to his employment. We conclude that on the entire record there is ample evidence to support the Board's determination. We accordingly affirm.

The record establishes that decedent had been previously diagnosed as suffering from congestive heart failure and that on October 30, 1991 his consulting cardiologist reported that decedent had a short life expectancy and could die suddenly within the following two months. Decedent's personal physician, Robert Grimshaw, Jr., agreed with that statement and also acknowledged that death could have occurred regardless of the stress encountered by decedent during his employment. The carrier also produced Carl Friedman, a consulting internist and cardiologist, who expressed the opinion that decedent's death resulted from advanced cardiomyopathy and ischemic heart disease, "most likely a sudden arrhythmia due to cardiomyopathy due to ischemia". He also indicated that, short of mental stress so severe as to have rendered decedent unable to perform his job, which was not demonstrated in the record, there would have been no causal connection between the stress of decedent's employment and the heart attack he suffered at home on a Saturday morning.

Under the circumstances, we perceive no valid basis for disturbing the Board's conclusion that the job stress encountered by decedent was not a contributing factor in his death (see, Matter of Doersam v Oswego County Dept. of Social Servs., 171 AD2d 934, 936, affd 80 NY2d 775). Although evidence of a stressful episode at work on the day prior to decedent's death and testimony of decedent's physician that the incident contributed to his death provided an arguable basis for a contrary determination, the Board was free in the exercise of its

fact-finding powers to resolve the conflict in medical opinion against claimant (*see, Matter of Cooley v New York State Police*, 158 AD2d 828, 829).

Claimant's remaining contentions have been considered and found to be lacking in merit.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.