■ In the Matter of the Claim of Barbara Myers, Appellant, v Eldor Contracting Company et al., Respondents. Workers' Compensation Board, Respondent. [705 NYS2d 108] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed December 22, 1998, which ruled that the death of claimant's decedent did not arise out of and in the course of his employment and denied her claim for workers' compensation death benefits.

Decedent, a foreman for an electrical contractor, suffered a fatal heart attack in the employer's temporary office at a construction site. Claimant, decedent's wife, filed a claim for workers' compensation death benefits. The Workers' Compensation Board concluded that decedent's death was unrelated to his work and denied the claim, resulting in this appeal by claimant.

Based upon information provided to them regarding the physical and emotional stress of decedent's work, claimant's expert and the impartial specialist were of the opinion that, although decedent had significant preexisting coronary artery disease, his work was a proximate cause of his heart attack and demise. Both experts conceded that if the physical and emotional stress of decedent's work was less than as reported to them, the work would have played no role in the heart attack. The expert for the employer's workers' compensation insurance carrier was of the opinion that claimant's death was unrelated to his work. Noting that claimant's testimony regarding the emotional and physical stress decedent experienced on

the job was not corroborated by the other lay witnesses or by the production of decedent's personal logbook, the Board found insufficient evidence of work-related stress to support a finding of causal relationship.

Notwithstanding claimant's argument that there was corroboration of her testimony, the testimony of the employer's president and two project managers, read as a whole, described decedent's job as far less stressful than as described by claimant and their description of decedent's demeanor disclosed no visible signs of stress. Claimant contends that the logbook should have been produced by the employer, but the employer's representatives testified that no such logbook was found among decedent's possessions at the work site. Considering the Board's broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record (*see, Matter of Hercules v United Artists Communications*, 176 AD2d 998, 999), there is no basis to disturb the Board's finding on the issue of work-related stress.

Assuming that claimant was entitled to the presumption of compensability provided by Workers' Compensation Law § 21 (1), the medical evidence and testimony of the employer's president and two project managers, which the Board obviously credited, provides the necessary substantial evidence to rebut the presumption (*see, Matter of Cuervo v CAB Motor Co.*, 133 AD2d 894). Although claimant presented evidence which provided an arguable basis to conclude that work-related stress contributed to decedent's death, the Board's decision to credit the contrary evidence in the record will not be disturbed (*see, Matter of Daniels v Wallach's Mens Store*, 263 AD2d 909).

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.